UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTIN G.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

Case No. C19-864 MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating the opinions of ARNP Cuneo and LICSW Redding. (Dkt. # 21.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.     BACKGROUND

In December 2012, Plaintiff applied for benefits alleging disability as of March 1, 2008. AR at 142. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. An ALJ conducted a hearing and denied Plaintiff's claims. *Id.* at 153-54. Plaintiff appealed and the Appeals Council remanded Plaintiff's claim. *Id.* at 160-67. The ALJ

ORDER - 1

conducted a second hearing and denied Plaintiff's claim. *Id.* at 20-33. Plaintiff appealed, and the Appeals Council denied Plaintiff's request for review. *Id.* at 1. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 7.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

ORDER - 2

## IV. DISCUSSION

### A. The ALJ Did Not Err in Evaluating "Other Source" Opinions

The only issue raised in Plaintiff's appeal is the ALJ's evaluation of two opinions. The crux of Plaintiff's argument is that the ALJ did not afford the opinions of ARNP Cueno and LICSW Redding proper weight as "treating physicians." (Dkt. # 21 at 1, 3.) Plaintiff therefore asserts the ALJ was required to provide specific and legitimate reasons, supported by substantial evidence, for rejecting their contradicted opinions. (*Id.* citing *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F. 1194 (9th Cir. 2008).) However, as noted by the Commissioner, registered nurses and licensed social works are not considered treating physicians, or even acceptable medical sources, under the regulations that control applications for benefits submitted prior to March 2017. (Dkt. # 22 at 2-3 (noting the agency revised its rules on evaluating opinion evidence for claims filed on or after March 27, 2017).) Therefore, while the ALJ was required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work" (*see Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)), the ALJ was only obligated to provide germane reasons for discounting such testimony. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Further, the opinion of an acceptable medical source, such as a physician or psychologist, is given more weight than that of an "other source," such as registered nurses and licensed social workers. 20 C.F.R. § 416.927 (2016). As discussed below, the ALJ provided germane reasons for discounting each challenged opinion.

#### 1. Janna Cuneo, ARNP

ARNP Cunero provided two opinions regarding Plaintiff's impairments. In June 2016, ARNP Cuneo opined Plaintiff was limited to sedentary work. AR at 1048-50. The ALJ gave her opinion little weight because she provided no significant support or explanation for the opined

limitations. *Id.* at 30. The ALJ also found the opined limitations were unsupported by the treatment notes that showed Plaintiff's symptoms improved with treatment. *Id.* Lastly, the ALJ found ARNP Cuneo's opinion was inconsistent with Plaintiff's own statements in subsequent records indicating her desire to pursue a career as a dog walker. *Id.* citing *id.* at 1254.

Although Plaintiff challenges the ALJ's evaluation of ARNP Cuneo's 2016 opinion, she does not raise any specific errors in the ALJ's discounting of this specific opinion. (Dkt. # 21 at 3-5.) Rather, Plaintiff merely asserts that the ALJ's reasoning is not based on substantial evidence. (*Id.* at 4.) Specifically, Plaintiff asserts the ALJ's reasons are "factually incorrect" as there are psychological treatment notes in the record indicating Plaintiff suffers from severe symptoms from her agoraphobia. (*Id.*) Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). Here, the ALJ detailed the medical evidence, including medical opinions that Plaintiff did not challenge, and found the evidence did not support the severity of ARNP Cuneo's opinion regarding Plaintiff's functioning. AR at 27-31. Plaintiff's argument that the RFC fails to include limitations from the cited psychological treatment notes is simply a request for the Court to reweigh the evidence, which the Court declines to do. (Dkt. # 21 at 4, 5.) The reasons provided by the ALJ for discounting this opinion were germane.

In July 2017, ARNP Cuneo opined Plaintiff can perform light exertional work with some social limitations. AR at 1272-74. She opined that Plaintiff had "severe disabling" mental impairments. *Id.* at 1274. The ALJ gave only some weight to ARNP Cuneo's opinion. *Id.* at 29.

The ALJ found the conclusion of whether a claimant is disabled is reserved for the Commissioner. *Id.* The ALJ also found treatment notes documented significant social and concentration limitations, which the RFC accommodates. *Id.* The ALJ further found Plaintiff warranted some reaching limitations given her history of lymphedema related to her carcinoma. *Id.* Lastly, the ALJ found the remainder of ARNP Cuneo's opinion was consistent with the treatment records showing she is tapering her medication and is able to care for herself. *Id.*

Plaintiff raises only two issues with the ALJ's evaluation of this opinion. First, Plaintiff acknowledges that the ALJ is not required to give controlling weight to opinions regarding the ultimate issue of disability, but argues this reason alone is a legally invalid reason to discount ARNP Cuneo's opinion. (Dkt. # 21 at 3.) Here, the ALJ found Plaintiff's impairments severe (AR at 22), but concluded the medical evidence failed to support a finding of disabling impairments (*id.* at 28).[1] This was an appropriate, germane reason for rejecting the opinion. *See Nyman v. Heckler*, 779 F.2d 528, 530 (9th Cir. 1985) ("Conclusory statements … regarding the ultimate question of disability are not binding on the ALJ."); *see also* 20 C.F.R. § 404.1527(d); *see also McLeod v. Astrue*, 640 F.3d 881, 884 (9th Cir. 2011).

Second, Plaintiff takes issue with the ALJ's finding that the RFC includes limitations for Plaintiff's documented significant social and concentration limitations. (Dkt. # 21 at 4.) Plaintiff argues the ALJ failed to cite to evidence in support of this finding, and therefore this reason is not based on substantial evidence. (*Id.*) Plaintiff's argument is unpersuasive as the ALJ's decision details his evaluation of the medical evidence and the limitations he found are warranted. AR at 27-31. The ALJ could reasonably find ARNP Cuseo's opinion that Plaintiff is

---

[1] Plaintiff cites to psychological treatment notes to support her assertion that Plaintiff's symptoms are severe and limiting, and that the RFC does not take into consideration all the evidence of Plaintiff's limitations. (Dkt. # 21 at 4, 5.) As previously discussed, the Court declines Plaintiff's invitation to reweigh the evidence.

ORDER - 5

severely disabled was inconsistent with the medical evidence that did not support a finding of disability. This was a germane reason for discounting her opinion. Accordingly, the ALJ did not err in evaluating ARNP Cuseo's opinions.

### 2. Liza Redding, LICSW

In 2016, Ms. Redding opined Plaintiff was completely unable to work. AR at 1236-38. The ALJ gave this opinion little weight because it was inconsistent with Plaintiff's performance on a consultative evaluation by Dr. David Mashburn the following month and with Plaintiff's self-reports that she wanted to become a dog walker. *Id.* at 30. Plaintiff argues the ALJ's reasoning was not based on substantial evidence because the ALJ used a contradicting physician's opinion to reject "a treating physician's opinion." (Dkt. # 21 at 6.) As discussed above, Plaintiff's argument confuses the applicable standard for evaluating other source opinions. Ms. Redding is not a treating physician and the ALJ could reasonably find her opinion was inconsistent with that of an examining physician. Inconsistency with the medical evidence in the record is a germane reason to discount other source testimony. *Bayliss,* 427 F.3d at 1218.

In 2018, Ms. Redding provided an opinion regarding Plaintiff's impairments in a mental impairment questionnaire. AR at 1886-88. The ALJ gave her opinion little weight because she did not offer a functional assessment, but rather opined Plaintiff was "increasingly dysfunctional" and may need inpatient hospitalization if her condition deteriorated further. *Id.* at 30 (citing *id.* at 1887). The ALJ found there was no evidence suggesting Plaintiff's condition did deteriorate, and that despite the fact Plaintiff was somewhat distrusting of her providers she was able to handle her self-care and was also generally alert and oriented with intact memory during her appointments. *Id.*

Plaintiff again argues the ALJ's reasons for discounting Ms. Redding's opinion are not supported by substantial evidence because there is evidence in the records that shows Plaintiff suffers from severe symptoms and limitations. (Dkt. # 21 at 8-9.) For the same reasons discussed above, this argument is unpersuasive. The ALJ's interpretation of the medical evidence was rational and therefore must be upheld. *See Burch v. Barnhart*, 400 F. 3d 676, 679 (9th Cir. 2005).

Lastly, Plaintiff argues it was error for the ALJ to discount Ms. Redding's opinion because Plaintiff aspired to be a dog walker. (Dkt. # 21 at 7.) However, Ms. Redding opined that Plaintiff would be unable to work because of her social limitations and symptoms of agoraphobia. The ALJ could reasonably find that the severity of Ms. Redding's opinion regarding Plaintiff's limitations was inconsistent with Plaintiff's desire to pursue a career which would require her to not only leave her house, but also interact with customers. Regardless, the ALJ provided germane reasons for discounting Ms. Redding's opinions and therefore any error is harmless. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008). Accordingly, the ALJ did not err in evaluating the other source opinions.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 11th day of February, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge